ORIGINAL

1  BART M. BOTTA, State Bar No. 167051
2  ELISE O'BRIEN, State Bar No. 245967
   RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
4  Newport Beach, CA 92660
   Telephone: (949) 752-2911
5  Facsimile: (949) 752-0953
6  E-Mail: Bart@rjlaw.com
   E-Mail: Elise@rjlaw.com
7
8  Attorneys for Plaintiff
9

FILED
2010 FEB 12 PM 1:22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

10          UNITED STATES DISTRICT COURT

11  FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| 12  WESTERN ONION SALES, INC., a corporation,<br><br>13<br><br>14          Plaintiff,<br><br>15  vs.<br><br>16<br><br>17  SUN GROWERS INTERNATIONAL, a corporation; SUN GROWERS<br>18  INTERNATIONAL, business form<br>19  unknown; SERGIO VELLATTI a.k.a.<br>20  SERGIO VELLATTI PEREZ, an<br>individual; VERONICA VELLATTI<br>21  a.k.a. VERONICA JIMENEZ a.k.a.<br>22  VERONICA JIMENEZ VALDEZ, an<br>individual,<br>23<br>24          Defendants. | CASE NO. 10 CV 0351 JM BLM<br><br>COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]<br>1. ENFORCEMENT OF REPARATION AWARD ISSUED BY THE U.S. SECRETARY OF AGRICULTURE<br>2. BREACH OF CONTRACT;<br>3. ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;<br>4. VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;<br>5. BREACH OF FIDUCIARY DUTY;<br>6. UNJUST ENRICHMENT;<br>7. ATTORNEY FEES AND COSTS |

25
26
27
28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

COMPLAINT                               1

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Plaintiff, WESTERN ONION SALES, INC., (hereinafter "Western" or "Plaintiff"), complains and alleges as follows:

## I.

## JURISDICTION AND VENUE

1.  This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2.  Plaintiff Western is now and at all times material herein was a corporation organized and doing business under the laws of the State of California, having its principal place of business located in Oxnard, California.

3.  Plaintiff is informed and believes and thereon alleges that Defendant SUN GROWERS INTERNATIONAL ("Sun Growers"), is and during all times herein mentioned was a corporation having its principal place of business located in the City of Calexico, State of California.

4.  Plaintiff is informed, believes and thereon alleges that Defendant SUN GROWERS INTERNATIONAL ("Sun Growers"), business form known, maintains and during all times relevant herein maintained a principal place of business located in the City of Calexico, State of California.

5.  Plaintiff is informed and believes and thereon alleges that SERGIO VELLATTI a.k.a. SERGIO VELLATTI PEREZ ("Sergio") is an individual who during all times herein mentioned maintained a residence within the jurisdictional boundaries of this Court.

6.  Plaintiff is informed and believes and thereon alleges that VERONICA VELLATTI a.k.a. VERONICA JIMENEZ a.k.a. VERONICA JIMENEZ VALDEZ ("Veronica") is an individual who during all times herein

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    mentioned maintained a residence within the jurisdictional boundaries of this

2    Court.  (Sergio and Veronica are sometimes referred to collectively herein as "the

3    Individual Defendants").

4        7.    Plaintiff is informed and believes and thereon alleges that during all

5    times relevant herein the Individual Defendants were officers, directors and/or

6    shareholders of Defendant Sun Growers, and are insiders with actual and

7    constructive knowledge of the PACA trust and the provisions set forth therein and

8    who are and during all times herein were responsible for the daily management and

9    control of Sun Growers.

10       8.    Plaintiff is further informed and believes and thereon further alleges

11   that the Individual Defendants during all times herein mentioned were in positions

12   to control the PACA trust assets which are the subject of this lawsuit and are and

13   during all times herein were statutory trustees of the PACA trust assets that are the

14   subject of this complaint.

15       9.    Plaintiff is further informed and believes and thereon alleges that

16   during all times herein the Defendants, and each of them, were subject to license as

17   a dealer or retailer under the PACA, with actual and/or constructive knowledge of

18   the PACA trust.

19                      **II.**

20

21             **GENERAL ALLEGATIONS**

22       10.    Plaintiff hereby realleges and incorporates by reference paragraphs 1

23   through 9 inclusive, of this Complaint as though fully set forth herein.

24       11.    At all times relevant herein, Sun Growers was engaged in the handling

25   of produce in interstate and/or foreign commerce as a commission merchant, dealer

26   and/or retailer subject to the provisions of the PACA and the regulations

27   promulgated by the Secretary of Agriculture of the United States of America

28   pursuant to the PACA, operating under PACA license no. 20080426.

COMPLAINT                 3

12.  Between on or about November 5, 2008 and December 8, 2008, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities to Defendant Sun Growers at said Defendant's request, in wholesale and jobbing quantities as defined by PACA and its regulations for which said Defendant agreed to pay Plaintiff in the principal amounts at least as great as the sum of $79,058.00.

13.  At or about the date of each transaction described above, Plaintiff forwarded to Defendants invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities.

14.  Plaintiff has repeatedly demanded that Defendants pay the amounts due and owing under the invoices cumulatively totaling at least $79,058.00. However, said Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased and only partial payments have been made, resulting in the current principal amount of $73,708.00 remaining due and owing, no part of which has been paid.

## III.

## FIRST CAUSE OF ACTION

### (Enforcement of Reparation Award Issued By The U.S. Secretary of Agriculture Against Defendant Sun Growers)

15.  Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14, inclusive, of this Complaint as though fully set forth herein.

16.  In or about May 2009, Plaintiff filed an administrative reparation complaint with the U.S. Department of Agriculture ("USDA") before the U.S. Secretary of Agriculture, seeking an award confirming the balance due to Plaintiff from Defendant Sun Growers and seeking to collect that balance.  The sales

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

COMPLAINT                    4

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

transactions that are the subject of Plaintiff's administrative complaint are the same sales transactions that are the subject of this Complaint.   The complaint was assigned PACA Docket No. W-R-09-179.

17.   A copy of Plaintiff's Reparation Complaint was duly served on Defendants.

18.   On June 18, 2009, after due consideration of all pleadings, documents and other evidence submitted in connection with Plaintiff's USDA reparation complaint, the Secretary of Agriculture issued a Reparation Order in favor of Plaintiff and against Defendant Sun Growers in the amount of $79,058.00, together with interest thereon at the rate of 0.56% per annum from January 1, 2009, until paid, plus the amount of $500.00 (filing fee).   A true and correct copy of said Reparation Order is attached hereto and incorporated herein by reference as **Exhibit 1.**

19.   Full payment under the award was to have been made to Plaintiff on or before July 18, 2009.

20.   In the event Defendant Sun Growers wished to appeal the USDA reparation Order, the deadline to file such appeal expired on July 18, 2009.   No appeals were filed.

21.   Defendants have failed to pay any portion of the Reparation Orders within the time specified by the USDA and the full sums due as set forth in said Orders remain due.

COMPLAINT                              5

22.   As a direct and proximate result of Defendants' failure to pay the amounts awarded by the USDA as described above, Plaintiff has suffered losses in the principal amount of at least $79,058.00, together with interest thereon at the rate of 0.56% per annum from January 1, 2009, until paid, plus the amount of $500.00 (filing fee) in bringing this action.

23.   If any commission merchant, dealer, or broker does not pay the reparation award within the time specified in the Secretary's Order, the complainant, or any person for whose benefit such order was made, may within three years of the date of the order file in the district court of the United States for the district in which he resides or in which is located the principal place of business of the commission merchant, dealer, or broker, a complaint setting forth the causes for which he claims damages and the order of the Secretary.  7 U.S.C. §499g(b).

24.   The findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated, and the Plaintiff shall not be liable for costs in the district court and, in the event Plaintiff prevails, Plaintiff shall be entitled to recover a reasonable attorney's fee to be taxed and collected as a part of the costs of the suit.  7 U.S.C. §499g(b).

**WHEREFORE**, Plaintiff prays for judgment against Defendant Sun Growers as follows:

1.   For damages in the principal amount of $79,058.00 less any payments made after issuance of the Reparation Order;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2.      For interest thereon at the rate of 0.56% per annum from January 1, 2009, until paid;

3.      For costs in the amount of $500;

4.      For additional costs and reasonable attorney's fees incurred thereby; and,

5.      For such other relief as the court deems proper and just.

## IV.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against Defendant Sun Growers)

25.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 24, inclusive, of this Complaint as though fully set forth herein.

26.     Plaintiff has performed all conditions, covenants and obligations required to be performed by Plaintiffs under the agreements for sales of produce described in the general allegations above.

27.     As a direct and proximate result of Defendant's failure to pay the amounts due to Plaintiff as set forth above, Plaintiff has suffered losses in the principal amount of at least $73,708.00, plus recoverable post-award interest and attorney's fees incurred in bringing this action.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Sun Growers as follows:

1.      For damages in the principal amount of $73,708.00;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2. For finance charges or interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## V.

## THIRD CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

28. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 27, inclusive of this Complaint as though fully set forth herein.

29. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

30. All perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

31. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendant Sun Growers, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds

COMPLAINT    8

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

from the sale of such perishable agricultural commodities or products or assets derived therefrom.

32.   Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve their trust benefits in the cumulative principal amount of at least $79,058.00, as separately set forth above, for the perishable agricultural commodities sold to Defendant Sun Growers, of which the principal amount of at least $73,708.00 remains past due and unpaid.

33.   Plaintiff is informed and believes for the reasons alleged herein above, that Defendants, and each of them, are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

34.    Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiffs.    [7 C.F.R. §46.46(c)].   The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

35.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative principal loss of at least $73,708.00, plus recoverable attorney's fees and finance charges in amounts to be determined, all of which qualifies for protection under the PACA trust.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $73,708.00;

2.    For finance charges at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

4.     For such other and further relief as the Court may deem just and proper.

## VI.

## FOURTH CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)**

36.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 35, inclusive, of this Complaint as though fully set forth herein.

37.     Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

38.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative loss of $73,708.00 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

COMPLAINT                    11

attorney's fees and finance charges or interest in amounts to be determined.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     For damages in the principal amount of $73,708.00;

2.     For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $73,708.00 as against Defendants, jointly and severally;

3.     For finance charges at the highest legal rate from the date the obligation became due and payable to Plaintiff; and,

4.     For attorney's fees as deemed reasonable by this Court.

## VII.

## FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty – As Against the Individual Defendants)

39.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 38, inclusive, of this Complaint as though fully set forth herein.

40.     Plaintiff is informed, believes and thereon alleges that the Individual Defendants are, and during all times relevant to this action were, the controlling officers, directors, members, and/or shareholders of Defendant Sun Growers.

41.     As the controlling officers, directors, members, and/or shareholders of Defendant Sun Growers, the Individual Defendants had a duty to ensure that they and Defendant Sun Growers fulfilled their duties as PACA trustees and to maintain PACA Trust Assets in such a manner so as to ensure there were, at all times,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

42.   Plaintiff is informed, believes and thereon alleges that the Individual Defendants had full knowledge and responsibility for the handling of Defendant Sun Growers' duties as trustee of the PACA trust.

43.   Plaintiff is informed, believes and thereon alleges that the Individual Defendants controlled or had duties to control Defendant Sun Growers' operations and financial dealings, including those involving the PACA Trust Assets.

44.   Plaintiff is informed, believes and thereon alleges that the Individual Defendants breached their fiduciary duties to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45.   As a direct and proximate cause and result of the Individual Defendants' breach of his fiduciary duties, Plaintiff has incurred damages in the amount of $73,708.00 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

46.   As statutory PACA trustees, the Individual Defendants are personally liable to Plaintiff for their breach of fiduciary duty in dissipating the PACA trust to the extent of at least $73,708.00 plus, recoverable finance charges, attorneys' fees and costs, less any monies Plaintiff receive from the PACA Trust Assets.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.   For damages in the principal amount of $73,708.00;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2.    For finance charges at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

3.    For attorneys' fees and costs;

4.    For such other and further relief as this Court deems just and proper.

## VIII.

### SIXTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

47.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

48.    Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the cumulative amount of at least $73,708.00, as separately set forth above.

49.    If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

50.    As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the cumulative amount of at least $73,708.00, plus finance charges at the highest rate allowed by law and attorneys' fees and costs according to proof.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    For damages in the principal amount of $73,708.00;

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

2.    For finance charges at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff, plus attorneys' fees and costs;

3.    For such other and further relief as this Court deems just and proper.

## IX.

## SEVENTH CAUSE OF ACTION

### (For Attorneys' Fees and Costs - Against All Defendants)

51.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 50, inclusive, of this Complaint as though fully set forth herein.

52.    Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated there under, Defendants were statutorily required to maintain a trust in such amount in favor of Plaintiff in order to make full payment to Plaintiff.

53.    As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res*.

54.    As a further result of the Defendants' failure to comply with their statutorily-mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

55.    Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, costs and loss of interest as a result of Defendants' violations of their statutory duties to

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  maintain the trust and make full payment promptly.

2

3  56.   Plaintiff's invoices confirming the terms of the sales transactions

4  between Plaintiffs and Defendants contain written provisions providing for

5  recovery of finance charges and attorneys' fees.

6  **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

7

8  1.   For attorneys' fees and costs of suit incurred;

9  2.   For finance charges at the highest legal rate; and,

10  3.   For such other and further relief as this Court deems proper.

11

12  Respectfully submitted,

13

14  **RYNN & JANOWSKY, LLP**

15

16  Dated: February 8, 2010         By: _____

17  Bart M. Botta, SBN 167051

18  Elise O'Brien, SBN 245967
    RYNN & JANOWSKY, LLP

19  4100 Newport Place Drive, Suite 700

20  Newport Beach, CA  92660
    Tel:  949-752-2911

21  Fax:  949-752-0953

22  bart@rjlaw.com
    elise@rjlaw.com

23

24

25

26

27

28

COMPLAINT                    16



**USDA**

**United States Department of Agriculture**
Marketing and Regulatory Programs
Agricultural Marketing Service
1400 Independence Ave., SW STOP #0246
Washington, DC 20250-0242

June 18, 2009

WESTERN ONION SALES INC                     IN REPLY REFER TO
2350 EASTMAN AVE STE 101                        FILE PACA: W-R-09-179
OXNARD   CA  93030                                     DOCKET : RD-09-131

Gentlemen:

Re:  WESTERN ONION SALES INC   V.
     SUN GROWERS INTERNATIONAL

Enclosed is a copy of the Order issued on June 18, 2009, in the above-entitled case under the Perishable
Agricultural Commodities Act.

Unless we are advised of payment of the order or that an appeal has been filed in the United States District Court,
the order becomes final on July 18, 2009.  If the order becomes final and it is not paid and SUN GROWERS
INTERNATIONAL has an active license, the license will be automatically suspended effective close of business on
July 24, 2009, in accordance with Section 7(c) and (d) of the Act, as amended. The suspension will continue in effect
until the order is paid. If SUN GROWERS INTERNATIONAL has an inactive license or is not licensed, sanctions
will be imposed against the business.

In addition to the suspension or sanctions on the business, no individual proprietor, partner, member/manager
(Limited Liability Company), officer, director or holder of more than 10 percent of the stock of SUN GROWERS
INTERNATIONAL's business can be employed by or affiliated in any capacity with any other licensee under the Act
for a period of two years without the approval of the Department and the posting of a suitable surety bond.
Employment or affiliation with a PACA licensee, without the Department's approval, could result in an extension of
the employment sanctions and an administrative action against the employing firm.

If the order is not complied with, your recourse would be through suit in the United States District Court for the
district in which you are located as provided in Section 7(b) of the Act, as amended.

A copy of Section 7 of the Act is enclosed for your information.

If the order is paid, please notify this office promptly in writing.

Sincerely,

*April Burney*

Dispute Resolution Section
P.A.C.A. Branch
Fruit and Vegetable Programs, AMS
Phone: (202) 720-6728
Fax:    (202) 690-2815

Enclosures

CC: HEARING CLERK
     FILE

# EXHIBIT 1

## UNITED STATES DEPARTMENT OF AGRICULTURE

## BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| Western Onion Sales, Inc. | ) | PACA Docket No.  RD-09-131 |
| | ) | |
| Complainant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sun Growers International | ) | |
| | ) | |
| Respondent | ) | **Default Order** |

Western Onion Sales, Inc. [hereinafter Complainant], instituted this reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. §§ 499a-499s) [hereinafter the PACA]; and the Rules of Practice Under the Perishable Agricultural Commodities Act (7 C.F.R. §§ 47.1-.49) [hereinafter the Rules of Practice], by filing a timely Complaint.  Complainant seeks reparation against Sun Growers International [hereinafter Respondent] in connection with a transaction or transactions involving a perishable agricultural commodity or perishable agricultural commodities in interstate or foreign commerce.  A copy of the Complaint was served on Respondent, and Respondent failed to file an Answer.  The issuance of an order without further procedure is appropriate pursuant to Section 47.8(d) of the Rules of Practice (7 C.F.R. § 47.8(d)).

Complainant is a corporation, whose address is 2350 Eastman Avenue, Ste. 101, Oxnard, CA 93030.

Respondent is a partnership, whose address is 2310 Martin Luther King Avenue, Calexico, CA 92231-1737.

Respondent was licensed or was subject to license under the PACA at the time of the transaction or transactions involved in this proceeding.  The facts alleged in the formal Complaint are hereby adopted as findings of fact of this Default Order and based on these findings of fact, I conclude that Respondent violated Section 2 of the PACA (7 U.S.C. § 499b).

Section 5(a) of the PACA requires that we award to the person or persons injured by a violation of Section 2 of the PACA "the full amount of damages sustained in consequence of such violations." Such damages include interest. The interest that is to be applied shall be determined in accordance with 28 U.S.C. § 1961, i.e., the interest rate shall be calculated at a rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the order. PGB International LLC v. Bayche Companies, Inc., PACA Docket No. R-05-118, Order on Reconsideration, 65 Agric. Dec. 669 (2006).

Complainant paid a $500 handling fee to file its Complaint. Pursuant to Section 5(a) of the PACA (7 U.S.C. § 499e(a)), the party found to have violated Section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fee paid by the injured party.

Accordingly, within 30 days from the date of this Order, Respondent shall pay to Complainant, as reparation, the amount set forth in the reparation award, which I find to be the amount of damages to which Complainant is entitled for Respondent's violation or violations of Section 2 of the PACA (7 U.S.C. § 499b).

## REPARATION AWARD

Respondent shall pay Complainant as reparation $79,058 with interest thereon at the rate of ____0.56____ per centum per annum from January 1, 2009, until paid, plus the amount of $500.

Copies of this Default Order shall be served on the parties.

> Done at Washington, DC
> June 18, 2009
>
> _____/s/ William G. Jenson_____
> William G. Jenson
> Judicial Officer
> Office of the Secretary

ORIGINAL

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WESTERN ONION SALES, INC., a corporation | SUN GROWERS INTERNATIONAL, a corporation; et al |

| (b) County of Residence of First Listed Plaintiff **County of Ventura, CA** | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Bart M. Botta, Rynn & Janowsky, LLP, 4100 Newport Place Drive, Suite 700, Newport Beach, CA 92660 (949) 752-2911 | **'10 CV 0351   JM   BLM** |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL INJURY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 362 Personal Injury - Med. Malpractice | | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 365 Personal Injury - Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 371 Truth in Lending | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 380 Other Personal Property Damage | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 385 Property Damage Product Liability | ☐ 462 Naturalization Application | | |
| ☐ 245 Tort Product Liability | **PRISONER PETITIONS** | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 510 Motions to Vacate Sentence | ☐ 465 Other Immigration Actions | | |
| **CIVIL RIGHTS** | **Habeas Corpus:** | | | |
| ☐ 441 Voting | ☐ 530 General | | | |
| ☐ 442 Employment | ☐ 535 Death Penalty | | | |
| ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | | | |
| ☐ 444 Welfare | ☐ 550 Civil Rights | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 555 Prison Condition | | | |
| ☐ 446 Amer. w/Disabilities - Other | | | | |
| ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S.C. §499a, et seq.   28:1331 MFB

Brief description of cause:
Enforcement of Reparation Award Issued by U.S. Secretary of Agriculture, Breach of Contract, et al.

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 73,708.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 02/08/2010 | Bart M. Botta |

**FOR OFFICE USE ONLY**

RECEIPT # 1090   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

MB 02-12-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010190
Cashier ID: mbain
Transaction Date: 02/12/2010
Payer Name: RYNN AND JANOWSKY
----------------------------------
CIVIL FILING FEE
  For: WESTERN ONION V SUN GROWERS
  Case/Party: D-CAS-3-10-CV-000351-001
  Amount:        $350.00
----------------------------------
CHECK
  Check/Money Order Num: 20756
  Amt Tendered: $350.00
----------------------------------
  Total Due:     $350.00
  Total Tendered: $350.00
  Change Amt:      $0.00


  There will be a fee of $45.00
  charged for any returned check.
```